UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

ATSALIS BROTHERS PAINTING
COMPANY,

    Defendant.
_____/

CASE NO.

Hon.

COMPLAINT
AND JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to former employee Rodney Trice, who was adversely affected by such practices. The Commission alleges that Defendant, Atsalis Brothers Painting Company retaliated against Trice by refusing to return him to work after he complained about a supervisor's use of racial slurs, thereby effectively terminating his employment.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern

1

Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant (the "Employer") has been a Michigan corporation doing business in the State of Michigan, Township of Clinton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Rodney Trice ("Trice") filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 2007, Defendant Employer has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). The Defendant's unlawful employment practices include refusing to return Trice to work after he complained about a supervisor's use of racial slurs, thereby effectively terminating his employment.

8. The effect of the unlawful conduct complained of in paragraph 7, above, has been to deprive Trice of equal employment opportunities and otherwise adversely to affect his status as

an employee.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally-protected rights of Trice.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against those who engage in activity protected by Title VII.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for those who engage in activity protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Trice by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or reinstatement of Trice.

D. Order Defendant Employer to make whole Trice, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to uncovered medical expenses, in amounts to be proven at trial.

3

  E. Order Defendant Employer to make whole Trice by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional distress, embarrassment, humiliation and inconvenience, in amounts to be proven at trial.

  F. Order Defendant Employer to pay Trice punitive damages for its malicious or reckless conduct described in paragraph 7 above, in amounts to be proven at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

            Respectfully submitted,

Dated: March 30, 2011

_____
LAURIE A. YOUNG
Regional Attorney

_____
DEBORAH BARNO (P44525)
Supervisory Trial Attorney

_____
DALE PRICE (P55578)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

4

                DETROIT FIELD OFFICE
                Patrick V. McNamara Building
                477 Michigan Avenue, Room 865
                Detroit, Michigan  48226
                Telephone: (313)226-7808
                E-mail:  dale.price@eeoc.gov